**John H. RUDLOFF, Plaintiff-Appellant,**

v.

**Robert Duane JOHNSON, et al., Defendants-Respondents.**

No. 46989.

Missouri Court of Appeals, Eastern District, Division Six.

April 9, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

the nature and extent of the breach of warranty of defendants and the conditions herein set forth until 1977."

Jerry J. Murphy, St. Louis, for plaintiff-appellant.

James G. Freer, Farmington, for defendants-respondents.

CLEMENS, Senior Judge.

The issue here concerns proper venue, either in St. Francois County or in St. Louis City.

Plaintiff-appellant's house in Farmington, St. Francois County, was severely fire-damaged. Defendant's building inspector ordered it demolished as a fire hazard. Following a hearing before the city's building commissioner, plaintiff was ordered to destroy and remove the house. On May 13, 1981, plaintiff-appellant sought judicial review of the demolition order, seeking relief not in St. Francois County but in St. Louis City, alleging his residence. The issue: Is the proper venue for judicial review in St. Louis City as plaintiff contends or in St. Francois County as defendants contend.

After an evidentiary hearing the St. Louis Circuit Court held plaintiff was a resident of St. Francois County, not of St. Louis City, and granted the city's motion to dismiss. Plaintiff appeals from that order. We affirm.

The plaintiff's evidence: Before 1979 he had lived "primarily in Farmington" and then became a theology student in St. Louis. For the next five years he had lived in three different seminaries in St. Louis. He regularly made weekend trips to Farmington, there attending church and singing in the church choir.

The defendants rely on the following testimony to show plaintiff's residence was in Farmington, not in St. Louis: In 1979 and 1980 plaintiff registered to vote from two Farmington addresses. From 1972 to 1981 he had voted in State, County and School District elections in Farmington. On April 2, 1982, he requested an absentee ballot as a resident of St. Francois County. Plaintiff obtained a 1982 through 1985 driver's license giving Farmington as his address.

By plaintiff's brief he contends venue was properly in St. Louis City. Section 536.110, RSMo 1978, however puts venue in the county of plaintiff's residence. He argues that we must determine his domicile. We decline to decide this appeal on that issue. Both terms are "almost invariably employed as synonymous and interchangeable." *Fowler v. Clayton School District*, 528 S.W.2d 955[1–3] (Mo.App.1975).

The trial court's ruling that venue was in St. Francois County was fully supported by the evidence. Affirmed.

KELLY, P.J., and KAROHL, J., concur.